UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| DAVID OPPENHEIMER, § | | |
| Plaintiff, § | CA No. _____ | |
| § | | |
| v. § | | |
| § | | |
| DANIEL CHRISTOPHER KENNEY, § | | |
| D/B/A COACH4ADAY, § | | |
| Defendant. § | **JURY DEMANDED** | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff, David Oppenheimer ("Oppenheimer" or "Plaintiff"), for his complaint against Defendant, **DANIEL CHRISTOPHER KENNEY ("Kenney"),** alleges:

### JURISDICTION/VENUE

1. Oppenheimer's claims arise under the copyright laws of the United States, 17 U.S.C. 101 *et. seq.*, (hereinafter the Copyright Act.), and 17 U.S.C."1202 *et seq.* of the Digital Millennium Copyright Act ("DMCA").

2. Subject matter and personal jurisdiction is vested in this Court pursuant to 28 U.S.C. 1338. Additionally, this Court has subject matter jurisdiction under 28 U.S.C. 1331 inasmuch as this claim arises under the copyright laws of the United States. Venue in this judicial district is proper pursuant to 28 U.S.C. 1400(a) and 28 U.S.C. 1391(b) and (c).

### THE PARTIES

3. Plaintiff is a citizen of North Carolina engaged in the business of professional photography, and who resides in and has a principal place of business in Asheville, Buncombe County, North Carolina.

4. Kenney is an individual citizen of the State of North Carolina, and will receive actual notice of this filing by service upon him at his home, 1209 N ELM ST, LUMBERTON, NC 28358-4773.

## INTRODUCTORY FACTS

5. Oppenheimer is a professional photographer, and is the author (photographer) of, and at all times relevant to this claim, has been and is now the sole owner and proprietor of all right, title and interest in and to the copyrights in the photograph at issue in this matter (the "Work," **Exhibit 1**).

6. Oppenheimer makes his photographic works available for print sales and licensing online at his website http://www.performanceimpressions.com.

7. Oppenheimer has complied in all respects with Title 17, U.S.C. § 102, *et seq.*, and all other laws governing federal copyright applicable to the Work and registered the copyrights with the Register of Copyrights at the U.S. Copyright Office. **Exhibit 2**.

8. At all relevant times hereto, Oppenheimer has and continues to be the sole owner of all rights, titles, and interests in and to the aforementioned registration and photographic Work. Oppenheimer's copyrights in the above-described Work are presently valid and subsisting, and were valid and subsisting from the moment of its creation, and all conditions precedent to the filing of this suit have occurred.

9. For many years, it has been Oppenheimer's custom and business practice to display his copyright management information ("CMI") on his copyrighted photographs when they are first published by him, and thereafter. The Work at issue in this case when published, prominently displayed his CMI in the caption and with a watermark, as well as embedded in the metadata of the Work. Thus, on information and belief, Defendant Kenney was on notice that the Work was copyright-protected.

10. Fewer than three years before this filing, Oppenheimer discovered that Kenney had infringed his copyrights by uploading, distributing, and/or publishing (or directing others to do so) his protected image in the manners depicted on **Exhibit 3**.

11. Upon information and belief, Kenney located and accessed Oppenheimer's Work on http://www.performanceimpressions.com, or through a Google image search, and used it in his blog, and according to the metadata, uploaded the accused image on Friday, September 18, 2015, at 7:58:09 AM.

12. On June 12, 2018, Oppenheimer's attorney sent Kenney an email about his infringements of the copyrighted Work, and requested information about the details of the publication (**Exhibit 4**).

13. On June 13, 2018 Kenney sent an email apologizing for the infringement, and indicating that the accused images had been removed from his blog. Thus, the infringing activity lasted at least 999 days.

14. Oppenheimer's attorney sent Kenney a second email on July 16, 2018, making a monetary demand for settlement, and threatening suit should the infringement claim not be promptly resolved.

15. Several other communications, including emails and telephone discussions were had with Counsel for Kenney, but said Counsel ceased responding to emails seeking a negotiated resolution, and Oppenheimer is left with no alternative but to file this suit.

## CAUSES OF ACTION

### COUNT I – COPYRIGHT INFRINGEMENT

16. Oppenheimer re-alleges and incorporates paragraphs 1 – 14 above as if recited *verbatim*.

17. Kenney has infringed Oppenheimer's copyrights in and to the Work shown on **Exhibit 1** by scanning, copying, reproducing, distributing, publishing and/or otherwise using, unauthorized copies of said photograph within the United States in violation of Title

18. Upon information and belief, Kenney has benefitted from his infringements of the Work while Oppenheimer has suffered and will continue to suffer monetary damages, irreparable injury to his business, reputation, and goodwill, and dilution in the marketplace; therefore, Oppenheimer is entitled to injunctive relief, damages, other relief set forth in the Act.

### CAUSATION/DAMAGES

19. As a result of Infringers' above-described acts of copyright infringement violations of Oppenheimer's Work, Oppenheimer has sustained actual damages in an amount not yet ascertained but which is believed to be in excess of $150,000. Such actual damages include, but are not limited to, lost profits and/or lost licensing revenue, disgorgement of Infringers' profits attributable to their infringements, statutory damages, research time tracking down and documenting the infringements, and time spent serving third parties displaying the infringing with take down and preservation of data notices.

## RELIEF REQUESTED

20. Oppenheimer demands an accounting by Kenney activities in connection with his infringements of his copyrights in and to the above-described and attached Work, as well as disgorgement of his gross profits, and/or all other benefits attributable thereto.

21. Oppenheimer is entitled to recover and therefore seeks recovery of actual damages plus all of Kenney's profits attributable to the infringements.

22. Alternatively, because the image was registered prior to Kenney's infringements, Oppenheimer is entitled to and seeks to recover statutory damages up to but not exceeding $150,000 (One Hundred Fifty Thousand Dollars)*,* plus costs, including expert witnesses' and Lodestar attorney's fees, pursuant to 17 U.S.C. § 504(c) and §505.

**Oppenheimer DEMANDS JUDGMENT AS FOLLOWS:**

23. That Kenney, his agents, employees and/or servants be enjoined *pendente lite* and permanently from infringing Oppenheimer's copyrights in any manner whatsoever, and from publishing through any visual media, and from selling, marketing or otherwise distributing any of his images, and from using his images in sales, marketing, and/or advertising;

24. That Kenney be required to deliver-up, under oath, for impounding during the pendency of this action, and for destruction thereafter, all images which infringe Oppenheimer's copyrights, and all prints, film negatives, magnetic tapes, digitally scanned and/or stored images, and all other articles by means of which such infringing copies may be reproduced, which are in the possession or under the direct or indirect control of Infringers;

25. That Kenney provide an accounting of all gains, profits and advantages derived by her and/or her campaign as a result of the willful and unlawful acts of copyright infringement above-described;

26. That Kenney be ordered to pay over to Oppenheimer his actual damages sustained, in addition to all their profits attributable to the infringements, and which are not taken into account in computing Oppenheimer's actual damages incurred as a result of Kenney's copyright infringements described herein;

27. In the alternative, at Oppenheimer's option after verdict, that Kenney be ordered to pay maximum statutory damages in the amount $150,000 for Work infringed pursuant to 17 U.S.C. § 504(c); or such other amount as the jury may deem proper pursuant to 17 U.S.C. § 504(c).

28. That Kenney be ordered to pay to Oppenheimer his costs including Lodestar attorney's fees; *and*

29. That Oppenheimer may recover judgment for such other and further relief as this court deems just and proper.

**PLAINTIFF DEMANDS A JURY TRIAL ON ALL ISSUES.**

**LEJUNE LAW FIRM**

By: */s Dana A. LeJune*
Dana A. LeJune
Texas Bar: 12188250
NC Bar: 49025
6525 Washington Avenue
Suite 300
Houston, Texas 77007
713.942.9898 Phone
713.942.9899 Facsimile
dlejune@triallawyers.net