# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:18-cv-00252-MR

DAVID OPPENHEIMER, )
)
        Plaintiff, )
)
vs. ) **MEMORANDUM OF**
) **DECISION AND ORDER**
DANIEL KENNEY, d/b/a )
COACH4ADAY, )
)
        Defendant. )
_____ )

**THIS MATTER** is before the Court on the Defendant's Motion to Dismiss Plaintiff's First Amended Complaint [Doc. 11].

## I.    PROCEDURAL BACKGROUND

On September 5, 2018, the Plaintiff David Oppenheimer ("Plaintiff") filed this action against Defendant Daniel Kenney ("Defendant"), asserting claims under the Copyright Act, 17 U.S.C. §§ 101 *et seq.* [Doc. 1]. The Defendant filed a motion to dismiss the Complaint pursuant to Rules 12(b)(4), (5), and (6) of the Federal Rules of Civil Procedure. [Doc. 5]. The Plaintiff subsequently filed an Amended Complaint on November 13, 2018. [Doc. 7].

In his Amended Complaint, the Plaintiff alleges that the Defendant infringed his copyrights by using the Plaintiff's aerial photographs of the University of North Carolina at Asheville campus and Lake Kanuga [Docs. 7, 7-1, 7-2, 7-3]. The Plaintiff further alleges that the Defendant "has benefitted from his infringements of the [aerial photographs] while [Plaintiff] has suffered and will continue to suffer monetary damages, irreparable injury to his business, reputation, and goodwill, and dilution in the marketplace." [Doc. 13 at ¶ 19].

The Defendant now seeks the dismissal of this action pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, arguing that the Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted. [Docs. 11, 11-1]. The Plaintiff has filed an opposition to Defendant's motion [Doc. 13], to which the Defendant has replied [Doc. 14].

## II. STANDARD OF REVIEW

The central issue for resolving a Rule 12(b)(6) motion is whether the claims state a plausible claim for relief. See Francis v. Giacomelli, 588 F.3d 186, 189 (4th Cir. 2009). In considering Defendant's motion, the Court accepts the allegations in the Amended Complaint as true and construes them in the light most favorable to Plaintiff. Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 253 (4th Cir. 2009); Giacomelli,

588 F.3d at 190-92. Although the Court accepts well-pled facts as true, it is not required to accept "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement." Consumeraffairs.com, 591 F.3d at 225; see also Giacomelli, 588 F.3d at 189.

The claims need not contain "detailed factual allegations," but must contain sufficient factual allegations to suggest the required elements of a cause of action. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007); see also Consumeraffairs.com, 591 F.3d at 256. "[A] formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555. Nor will mere labels and legal conclusions suffice. Id.

The complaint is required to contain "enough facts to state a claim to relief that is plausible on its face." Id. at 570; see also Consumeraffairs.com, 591 F.3d at 255. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); see also Consumeraffairs.com, 591 F.3d at 255. The mere possibility that a defendant acted unlawfully is insufficient to survive a motion to dismiss. Consumeraffairs.com, 591 F.3d at 256; Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009). Ultimately, the well-pled

factual allegations must move a plaintiff's claim from possible to plausible. Twombly, 550 U.S. at 570; Consumeraffairs.com, 591 F.3d at 256.

## III. FACTUAL BACKGROUND

Taking the well-pleaded factual allegations of the Amended Complaint as true, the following is a summary of the relevant facts.[1]

The Plaintiff is a professional photographer who takes photographs and publishes them to a website for sale. [Doc. 7 at ¶¶ 5-6]. The Plaintiff created the two photographs at issue here. [Id. at ¶ 5]. Before uploading the two photographs, the Plaintiff obtained copyrights for them and added copyright management information, including a watermark, a caption, and metadata. [Id. at ¶¶ 7-9].

At some point, the Plaintiff discovered that the two copyrighted photographs had been uploaded to the Defendant's blog. [Id. at ¶¶ 10-11, Exh. 3]. On June 12, 2018, the Plaintiff sent an email to the Defendant concerning his infringements of the copyrighted photographs and requesting

---

[1] In reciting the relevant factual allegations, the Court has disregarded all "bare legal conclusions" asserted in the Complaint, see Aziz v. Alcolac, Inc., 658 F.3d 388, 391 (4th Cir. 2011), as well as "[t]he mere recital of elements of a cause of action," see Walters v. McMahen, 684 F.3d 435, 439 (4th Cir. 2012). The Court has also disregarded any additional facts contained in the Declaration of David Oppenheimer [Doc. 13-1] and the UNC Pembroke Post [Docs. 13-2, 13-2] attached to the Plaintiff's Response to Defendant's Motion to Dismiss because consideration of those documents would convert the Motion to Dismiss into a Motion for Summary Judgment. Fed R. Civ. P. 12(d); see also Alvarez-Soto v. B. Frank Joy, LLC, 258 F. Supp. 3d 615, 623 (D. Md. 2017).

4

information about the details of the publication. [Id. at ¶ 12, Exh. 4]. On June 13, 2018, the Defendant sent an email apologizing for the infringement and indicated that the photographs at issue had been removed from his blog. [Id. at ¶ 13].

## IV. DISCUSSION

The Defendant contends that this action should be dismissed based on the fair use defense provided for in the Copyright Act, 17 U.S.C. § 107. [See Docs. 11-1, 14].

Fair use is an affirmative defense to copyright infringement that presents a mixed question of law and fact. See Campbell v. Acuff-Rose Music, Inc., 510 U.S. 569, 590, (1994); see also Brammer v. Violent Hues Prods., LLC, 922 F.3d 255, 261 (4th Cir. 2019). As an affirmative defense, the burden of demonstrating fair use of copyrighted materials rests on the defendant. Campbell, 510 U.S. at 590. Generally, the Court cannot reach the merits of an affirmative defense in ruling on a motion to dismiss under Rule 12(b)(6). Goodman v. Praxair, Inc., 494 F.3d 458, 464 (4th Cir. 2007). Only in those extraordinary circumstances where all facts necessary to the affirmative defense "clearly appear[ ] on the face of the complaint," may the Court address an affirmative defense at the motion to dismiss stage.

Richmond, Fredericksburg & Potomac R.R. Co. v. Forst, 4 F.3d 244, 250 (4th Cir. 1993).

The Court, in determining whether a defendant has established fair use of copyrighted materials, considers the following factors:

> (1) the purpose and character of the use, including whether such use is of a commercial nature or is for nonprofit educational purposes;
>
> (2) the nature of the copyrighted work;
>
> (3) the amount and substantiality of the portion used in relation to the copyrighted work as a whole; and
>
> (4) the effect of the use upon the potential market for or value of the copyrighted work.

17 U.S.C. § 107. Further, the Court weighs these factors "together, in light of the purposes of copyright." Campbell, 510 U.S. at 578.

Here, the Defendant argues that the use of Plaintiff's copyrighted photographs was non-commercial and had no economic impact on the marketplace for Plaintiff's photographs. [See Docs. 11-1, 14]. However, the Amended Complaint alleges that the Defendant "benefitted" from the use of the photographs at issue, causing "irreparable injury to his business, reputation, and goodwill, and dilution in the marketplace." [Doc. 7 at ¶ 19]. Further, while the Defendant also asserts that his blog is "educational" and

"informational," the nature of the blog is not articulated in the Amended Complaint, nor evident from the exhibits thereto. [Doc. 11-1 at 8; Doc. 14 at 5]. Thus, the Court cannot say that all facts necessary to the resolution of Defendant's affirmative defense "clearly appear" on the face of the Amended Complaint.

Moreover, the fair use defense is fact-intensive in nature, as evidenced by the parties' disparate assertions and interpretations of the facts. As such, determination of whether the Defendant's use of the Plaintiff's photographs could be considered "fair use" under a Rule 12(b)(6) motion is premature. Accordingly, the Court will not dismiss the Plaintiff's Amended Complaint based upon the Defendant's assertion of "fair use."

## ORDER

**IT IS, THEREFORE, ORDERED** that the Defendant's Motion to Dismiss Plaintiff's First Amended Complaint [Doc. 11] is **DENIED**.

**IT IS SO ORDERED.**

Signed: July 10, 2019

Martin Reidinger
United States District Judge