UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
DOCKET NO. 1:18-CV-00252

DAVID OPPENHEIMER

    Plaintiff,

v.

DANIEL KENNEY D/B/A
COACH4ADAY,
    Defendant.

**ANSWER AND AFFIRMATIVE DEFENSES**

Defendant Daniel Kenney d/b/a Coach4ADay ("Kenney" or "Defendant"), submits the following as its answer to Plaintiff David Oppenheimer's ("Oppenheimer" or "Plaintiff") First Amended Complaint and Jury Demand (the "Complaint"), pursuant to Rules 7, 8 and 12 of the Federal Rules of Civil Procedure:

    I.    JURISDICTION AND VENUE

1. The allegations contained in Paragraph 1 of Plaintiff's Complaint seek to state legal conclusions to which no response is required. To the extent the allegations of fact are made with regard to this answering Defendant, the allegations are denied.

2. The allegations contained in Paragraph 2 of Plaintiff's Complaint seek to state legal conclusions to which no response is required. To the extent the allegations of fact are made with regard to this answering Defendant, the allegations are denied.

1

## II. PARTIES AND SERVICE

3. Defendant is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 3 of the Complaint and therefore denies the same.

4. Defendant admits that he is a citizen of the State of North Carolina with an address of 1209 N. Elm St., Lumberton, NC 28358-4773. Defendant denies the remaining allegations contained in Paragraph 4 of the Complaint.

## III. INTRODUCTORY FACTS

5. Defendant is without knowledge or information as to the truth of the allegations contained in Paragraph 5 of the Complaint, and on that basis denies them.

6. Defendant is without knowledge or information as to the truth of the allegations contained in Paragraph 6 of the Complaint, and on that basis denies them.

7. The allegations contained in Paragraph 7 of Plaintiff's Complaint seek to state legal conclusions to which no response is required. To the extent allegations of fact are made with regard to this answering Defendant, Defendant is without knowledge or information as to the truth of the allegations contained in Paragraph 7 of the Complaint, and on that basis denies them.

8. The allegations contained in Paragraph 8 of Plaintiff's Complaint seek to state legal conclusions to which no response is required. To the extent allegations of fact are made with regard to this answering Defendant, Defendant is without knowledge or information as to the truth of the allegations contained in Paragraph 8 of the Complaint, and on that basis denies them.

9. Defendant is without knowledge or information as to the truth of the allegations contained in Paragraph 9 of the Complaint, and on that basis denies them.

10. Defendant admits that **Exhibit 3** appears to be screen shots of old blog posts on Defendant's website. Defendant is without knowledge or information sufficient to admit or deny the remaining factual allegations contained in Paragraph 10 of the Complaint and therefore denies the same. To the extent the remaining allegations constitute legal conclusions or questions of law, no response is required, and if any response is required, Defendant denies them.

11. Defendant admits that he authored the two blog posts that appear in **Exhibit 3** and that the blog posts likely were posted on or around November 18, 2016 and Friday, September 19, 2015. Defendant is without knowledge or information sufficient to admit or deny the remaining factual allegations contained in Paragraph 11 of the Complaint and therefore denies the same.

12. Defendant admits that he received a copy of **Exhibit 4**. Defendant denies any remaining allegations in Paragraph 12 of the Complaint.

13. Defendant admits that he sent an email apologizing for the alleged infringement and indicating he removed the accused images from his blog. Defendant denies the remaining allegations in Paragraph 13 of the Complaint.

14. Defendant admits he received an email from Plaintiff's counsel on July 16, 2018. Defendant denies the remaining allegations in Paragraph 14 of the Complaint.

15. With regard to the allegations contained in Paragraph 15 of Plaintiff's Complaint, it is admitted that counsel for the parties conferred and/or corresponded with one another. Except as expressly admitted herein, Defendant denies the remaining allegations in Paragraph 15 of the Complaint.

## IV. CAUSES OF ACTION

### COUNT I – COPYRIGHT INFRINGEMENT

16. Defendant repeats and realleges the responses contained in the paragraphs above as if fully set forth herein.

17. Defendant denies the allegations contained in Paragraph 17 of the Complaint.

18. Defendant denies the allegations contained in Paragraph 18 of the Complaint.

19. Defendant denies that he has benefited from using the accused Works. Defendant lacks knowledge or information sufficient to admit or deny Plaintiff's alleged damages and injury and therefore denies the same. Defendant denies all remaining allegations in Paragraph 19 of the Complaint.

### CAUSATION/DAMAGES

20. The allegations contained in Paragraph 20 of the Complaint are denied.

## **RELIEF REQUESTED**

21. This paragraph sets forth legal conclusions and questions of law to which no response is required. To the extent any response is required, Defendant denies the allegations contained in Paragraph 21 of the Complaint.

22. This paragraph sets forth legal conclusions and questions of law to which no response is required. To the extent any response is required, Defendant denies the allegations contained in Paragraph 22 of the Complaint.

23. This paragraph sets forth legal conclusions and questions of law to which no response is required. To the extent any response is required, Defendant denies the allegations contained in Paragraph 23 of the Complaint.

24. This paragraph sets forth legal conclusions and questions of law to which no response is required. To the extent any response is required, Defendant denies the allegations contained in Paragraph 24 of the Complaint.

25. Defendant denies that there are any copies of the accused images that would be subject to impounding. This paragraph sets forth legal conclusions and questions of law to which no response is required. To the extent any response is required, Defendant denies the allegations contained in Paragraph 25 of the Complaint.

26. Defendant denies that he gained, profited, or obtained any advantages by using the accused images. This paragraph sets forth legal conclusions and questions of law to which no

response is required. To the extent any response is required, Defendant denies the allegations contained in Paragraph 26 of the Complaint.

27. This paragraph sets forth legal conclusions and questions of law to which no response is required. To the extent any response is required, Defendant denies the allegations contained in Paragraph 27 of the Complaint.

28. This paragraph sets forth legal conclusions and questions of law to which no response is required. To the extent any response is required, Defendant denies the allegations contained in Paragraph 28 of the Complaint.

29. This paragraph sets forth legal conclusions and questions of law to which no response is required. To the extent any response is required, Defendant denies the allegations contained in Paragraph 29 of the Complaint.

30. This paragraph sets forth legal conclusions and questions of law to which no response is required. To the extent any response is required, Defendant denies the allegations contained in Paragraph 30 of the Complaint.

## DEFENSES AND AFFIRMATIVE DEFENSES

As further answer and as affirmative defenses, Defendant alleges the following:

### FIRST AFFIRMATIVE DEFENSE
**(Statute of Limitations)**

To the extent applicable, the Plaintiff's claims are barred by the Statute of Limitations pursuant to 17 U.S.C. §507(b).

## SECOND AFFIRMATIVE DEFENSE
### (Fair Use)

Defendant's use of the accused images constituted fair use. Defendant published blog posts with the accused images only to depict the location of an educational event and to educate his readers about a lake he had never heard of before. Defendant did not profit from the use of the accused images, as he neither profited from the educational event nor the blog posting, as Defendant does not charge readers for access to view his blog posting. Plaintiff's copyright filing for one work (Registration No. VAu 1-190-968) shows a specimen consisting of approximately 417 images, only one of which is the "protected image" claimed by Plaintiff. Further, the second work (Registration No. VAu 1-156-844) shows a specimen consisting of approximately 177 images, again, only one of which is the "protected image" claimed by Plaintiff. To the extent Defendant, in his blog, copied one of 417 images in the compilation of VAu 1-190-968, he copied only .0024% of the protected work, and one of the 177 images in the compilation of VAu 1-156-844, he copied only .0056% of the protected work. Moreover, the accused images used in Defendant's blog posts appeared substantially smaller than the images that are offered for sale by Plaintiff, which images are sold in dimensions of at least 14 inches by 9.5 inches. On information and belief, Defendant's use of a smaller version of each image did not affect the market value for either of Plaintiff's works.

## THIRD AFFIRMATIVE DEFENSE
### (Innocent Infringement/Good Faith)

Any purported infringement occurred unintentionally and innocently. The accused works depict the location of an educational event attended by Defendant and a lake of which Defendant had not previously been aware. Furthermore, Defendant immediately removed the accused

7

webpages when he received the first email from counsel for Plaintiff. However, Defendant lacked the technical knowledge and understanding regarding any remaining cached version of the accused images and their removal.

## FOURTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate)

Defendant believed the matter to be settled after he deleted the accused blog posts the day after receiving the first email from counsel for Plaintiff, and after a month later, on July 16, 2018, receiving an email from Plaintiff's counsel, which seemed to Defendant, not having a legal background, to indicate that Plaintiff would not be seeking recovery. To the extent that Plaintiff alleges damages from the date Defendant indicated he had deleted the accused works – June 13, 2018 – to present based on the cached version that only could be accessed through a specific URL, Plaintiff has failed to mitigate those damages.

## FIFTH AFFIRMATIVE DEFENSE
### (Limitation on Damages)

To the extent that any damages are available to Plaintiff, which Defendant denies, such damages shall be limited to three years.

## SIXTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

Plaintiff cannot recover on its claims, as among other things, it has acted with unclean hands by attempting to coerce a then-non-represented individual to settle claims for hundreds of thousands of dollars, essentially for smaller versions of the accused images, which did not receive substantial viewership.

## JURY DEMAND

Defendant hereby demands a trial by jury, pursuant to Fed. R. Civ. P. 38, on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Defendant prays as follows:

- That Plaintiff's Complaint be dismissed, with prejudice;

- That, in the alternative, Plaintiff takes nothing by reason of the Complaint;

- That judgment be rendered in favor of Defendant;

- That Defendant be awarded his costs of suit and attorneys' fees incurred in defense of this action to the extent permitted by law, including under 17 U.S.C. § 505; and

- For such other relief as the Court deems just and proper.


DATE: July 22, 2019

Respectfully submitted,

*/s/ Megan E. Sneed*
Jason M. Sneed, Esq. (NC Bar No. 29593)
Megan Sneed, Esq. (NC Bar No. 38525)
SNEED PLLC
445 S. Main St., Suite 400
Davidson, North Carolina 28036
Tel.: 844-763-3347
Email: JSneed@SneedLegal.com
MSneed@SneedLegal.com

## CERTIFICATE OF SERVICE

I hereby certify that on July 22, 2019, I electronically filed the foregoing *Answer and Affirmative Defenses* with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following counsel of record:

Dana A. LeJune
Texas Bar No. 12188250
North Carolina Bar No. 49025
6525 Washington Avenue
Suite 300
Houston, Texas 77007
713.942.9898 Phone
713.942.9899 Facsimile
dlejune@triallawyers.net

*/s/ Megan E. Sneed*
Megan Sneed, Esq. (NC Bar No. 38525)
SNEED PLLC
445 S. Main St., Suite 400
Davidson, North Carolina 28036
Tel.: 844-763-3347
Email: MSneed@SneedLegal.com
*Attorneys for Defendant Daniel Kenney*